Grace **TOWNSEND**, Appellant,

v.

Leo **PHILLIPS**, **Jr.**, Appellee.

No. 8430.

Court of Civil Appeals of Texas, Texarkana.

Jan. 4, 1977.

Howard O. Banks, Dallas, for appellant.

Virgil E. Rogers, Gillis, Rogers & Taylor, Dallas, for appellee.

CORNELIUS, Justice.

In this appeal we are called upon to decide whether a will was presented for probate within four years from the death of the testator as required by Tex.Prob.Code Ann. Sec. 73 (Supp.1976). Section 73 provides in part as follows:

"(a) No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

DeRoy Phillips died on September 9, 1971. On December 2, 1971, his nephew, Leo Phillips, Jr., filed in the Probate Court No. 2 of Dallas County, Texas, an "Application For Administration" in the Estate of DeRoy Phillips. The application contained the usual allegations as to death, domicile, property, heirship and necessity for administration. It also contained the following allegations and prayer:

"...

V.

That petitioner believes that a Will of the decedent may exist, but he has been unable to locate its whereabouts.

VI.

That petitioner, Leo M. Phillips, is the nephew of the decedent and is an heir of decedent; ...

IX.

That there exists a necessity for the administration of this Estate *to determine whether a Will exists* and to collect rent and divide the Estate.

X.

Applicant has seen a Will of decedent, but has been unable to see the Will and

Grace Townsend has refused to show the Will to applicant.

XI.

Applicant would show that the Will which he has seen left the Estate of DeRoy Phillips to Grace Townsend and Florence P. Moore.

. . . . .

WHEREFORE, on this the 29 day of Nov., 1971, your applicant prays that citation be issued as required by law, that letter of administration *or testamentary be issued to your applicant* and that such other and further order be made as to the Court which may seem proper." (Emphasis supplied.)

On December 16, 1971, Leo Phillips, Jr., filed in the same court a "Motion To Produce Will," in which it was stated:

"That Grace Townsend of Dallas, Texas, who resides at 2831 Lawrence Street, Dallas, Texas, 75215, has the Last Will of DeRoy Phillips, and, although she is aware of the death of DeRoy Phillips, she has failed to deliver the same to the court *for proceeding herein.*

WHEREFORE, COMPLAINANT PRAYS that Grace Townsend be cited as the law requires and *she be ordered and compelled to make due delivery of such Will,* and for general relief." (Emphasis supplied.)

In response to that motion the court issued an order on December 16, 1971, which stated:

"It is therefore ORDERED that the Clerk shall issue notice of citation to Grace Townsend, . . . to appear before this Court on December 30, 1971, at 9:30 AM and show cause why she should not *produce the Will of DeRoy Phillips,* deceased, and *leave the same in the custody of the Court for probate* and any other papers belonging to DeRoy Phillips, deceased." (Emphasis supplied.)

Pursuant to the court's order Mrs. Townsend delivered to the clerk of the Probate Court on December 30, 1971, the original will of DeRoy Phillips. The will named

Mrs. Townsend sole devisee and independent executrix. No application or motion was filed by Mrs. Townsend at that time. The Probate Court proceeding remained open and pending on the docket. On November 4, 1975, Leo Phillips, Jr. filed a motion to dismiss the proceedings. The motion stated that:

"The matters in controversy herein have been pending since December 2, 1971. Respondent Grace Townsend has failed to appear and prove the validity of a Will dated October 18, 1967."

Thereafter, on November 21, 1975, Mrs. Townsend filed in the same proceeding an application to probate the will of DeRoy Phillips as a muniment of title only. In that application Mrs. Townsend made no allegation that she was not at fault in failing to file the will for probate within four years from the death of the testator, but she took the position that the will had been "presented for probate" on December 30, 1971, when she filed it with the clerk in response to the Court's order. The court ruled, however, that the will had not been presented for probate within four years of the testator's death, denied the application for probate as a muniment of title and dismissed the proceeding, from which action Mrs. Townsend has appealed.

■ It is not only a devisee or legatee who may make application for the probate of a will. Any interested person may do so. Section 76 of the Probate Code provides in part as follows:

"An executor named in a will or any interested person may make application

. . .

(a) For an order admitting a will to probate, whether the same is . . . in his possession or not . . ."

When a party files a will for probate within four years of the testator's death, and the matter is not abandoned or otherwise concluded but remains pending, any other person may thereafter, as a continuation of the original proceedings, move for probate of the will and it will be considered that the will was presented for probate within the four year period, even though the subse-

quent application is filed after that time. *Abrams v. Ross' Estate*, 250 S.W. 1019 (Tex. Com.App.1923, opinion adopted); *Eubanks v. Jackson*, 280 S.W. 243 (Tex.Civ.App. Waco 1926, writ ref'd); 61 Tex.Jur.2d, Wills, Sec. 298, p. 454. See also *Elnell v. Universalist General Convention*, 76 Tex. 514, 13 S.W. 552 (1890). In such a case letters testamentary may not be granted but the will may be probated as a muniment of title only.

■ Consistent with the above rules, we conclude that DeRoy Phillips' will was presented for probate within four years of his death. Although Mrs. Townsend did not make formal application within the four year period, a fair reading of the application filed by Leo Phillips, Jr. reveals that it sought probate of the will if it could be produced. The application was based upon the supposed existence of the will, and it prayed for letters testamentary or for administration in case the will was not produced. The motion to produce the will demanded that it be produced "for proceeding herein." The court ordered Mrs. Townsend to produce the will "for probate," and she promptly did so. To hold under these circumstances that the will was not presented for probate would be to place an unreasonably technical interpretation upon the statute.

Mrs. Townsend's own application to probate the will as a muniment of title was filed in the same proceeding under the same number as the original cause at a time when the proceeding was still open. She therefore brought herself within the rule recognized by the above cited authorities and was entitled to have the will admitted to probate as a muniment of title upon proper proof of its authenticity.

The judgment of the trial court is reversed and the cause is remanded to the Probate Court for consideration of appellant's application on its merits.