# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-20-00416-CV**
**NO. 03-20-00425-CV**
**NO. 03-20-00583-CV**
**NO. 03-21-00114-CV**

---

**McKenna Lynn Kuhr, Appellant**

**v.**

**Ronald Smith, Appellee**

---

**FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY**
**NOS. C-1-PB-16-000575 & C-1-PB-19-001840**
**THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In this Court's cause numbers 03-20-00416-CV, 03-20-00425-CV, and 03-20-00583-CV, which have been consolidated for briefing and review, McKenna Lynn Kuhr challenges the probate court's orders granting Ronald Smith's traditional motions for summary judgment on bill of review and presenting will for probate and its order admitting the will of Terry Smith (Decedent) to probate as a muniment of title only.  In cause number 03-21-00114-CV, Kuhr appeals from the probate court's order on her motion to suspend enforcement of the order admitting the will to probate and to set appellate security.

In its order granting summary judgment on bill of review, the probate court vacated portions of its order closing administration of Decedent's estate.  In the estate proceeding, the probate court's summary judgment ordered that the will was timely presented,

and after a bench trial, the probate court ordered the will to be admitted to probate as a muniment of title only.

Because we conclude that we do not have jurisdiction over this Court's cause number 03-21-00114-CV, we dismiss that appeal. Because we conclude that the probate court did not err in concluding that the will was timely presented for probate and that Ronald Smith (Smith) was not in default, we conclude that the probate court did not err in admitting the will to probate as a muniment of title only and affirm the challenged orders in the consolidated appeals.[1]

## BACKGROUND[2]

On July 20, 2014, Decedent died leaving behind her spouse Smith and her only child Kuhr from another relationship. Decedent's October 27, 2005 will (the will) designated Smith as the sole beneficiary.[3]

In early 2016, the Bank of New York Mellon (the Bank), a secured creditor and lienholder on the home owned by Decedent and Smith, sought to foreclose on the home and filed an application for letters of administration and to declare heirs, initiating the probate court's cause number C-1-PB-16-000575 (the estate proceeding). In May, the court-appointed attorney ad litem for the estate filed an objection to a scheduled hearing with a copy of the will. In the objection, the attorney ad litem states:

---

[1] We granted a partial temporary stay pending our review of the merits of Kuhr's pending Rule 24.4 motions. *See* Tex. R. App. 24.4. Given our disposition of the appeals, we deny the pending motions and lift the temporary stay.

[2] The facts recited are taken from the summary judgment evidence in the underlying proceedings and the evidence presented during the bench trial in the estate proceeding.

[3] Kuhr concedes that Smith is the sole beneficiary under the will's terms. In her appellant's brief, she states: "If [Decedent's] will were to be admitted to probate, the will gives all of [Decedent's] real and personal property to [Smith]."

2

[She] TODAY was provided a copy of a will for [Decedent] (SEE EXHIBIT A) identifying her heirs and also listing her family as her choice for her estate representatives. Specifically she gave her property to her husband 100%, and appointed him as the Estate representative. . . .

Based on this new information and that the Attorney for the Bank/Applicant is in possession of the original will, the Ad Litem believes this proceeding and application pending MUST be amended. There is a will, and the decedent did identify her heirs and whom should receive her estate. It would be inappropriate to ignore this will, and proceed to appoint the current Bank/Applicant who desires to foreclose on the property and be in charge of the Estate, until and unless the heirs under the will waive that right, and also if the proceeding remains a heirship proceeding they also are entitled to seek appointment.

. . . It appears that the family members, especially the Decedent's husband, as surviving spouse is confused over the legal probate process.

About the same time that the attorney ad litem filed her objection, the Bank amended its application, sought to probate the will, and attached a copy of the will to its application. At that point, the Bank believed that it had the original of the will. In July, after learning that it did not possess the original, the Bank filed a second amended application for letters of dependent administration, representing that to the best of its "knowledge, Decedent may have left a valid Last Will and Testament dated October 27, 2005," that a copy of the will was filed with the court in May 2016, that the Bank was unaware of the whereabouts of the original or if it still existed, and that the "Administrator will either Probate the Will or file an Application to Determine Heirship."

Following a hearing in August, the probate court found that administration of the estate was needed, granted letters of dependent administration, and ordered the parties to schedule a hearing to determine Decedent's heirs or to probate the will:

It is further ORDERED that a determination of heirship hearing or a Will probate hearing shall be scheduled by the parties for a date not later than November 18, 2016, and that, if a determination of heirship is being sought, the attorney for the

Dependent Administrator shall submit an heirship setting request form to the Court no later than November 1, 2016 and shall have completed before that time all requirements to be able to completely fill out the request.

It is further ORDERED that the Dependent Administrator shall file an application for determination of heirship or an application to probate the Decedent's Will and shall complete all necessary documents in sufficient time prior to the hearing so that the Court can hear the application by the date stated above.

A hearing on heirship or to probate the will, however, had not occurred when in January 2018, the probate court signed an order that approved the account for final settlement, discharged the dependent administrator, and closed the administration of the estate. In the January 2018 order, the probate court decreed that there was "no property remaining in the Estate." The Bank had completed the foreclosure of the home.

Decedent at the time of her death, however, owned assets besides the home, including non-producing mineral interests and jewelry.[4] Smith signed leases concerning the mineral interests with an oil and gas company (the company) after Decedent's death, including a lease in September 2016. The company made bonus payments to Smith in February and March 2018 but notified Smith around August 2019 that the will had not been admitted to probate during the estate proceeding and withheld further payments. In response, Smith filed a petition for bill of review in September 2019, initiating the probate court's cause number C-1-PB-19-001840 (bill-of-review proceeding). Smith sought to revise and correct the probate court's January 2018 order in the estate proceeding "so that the mineral interest can be probated." See Tex. Est. Code § 55.251 (authorizing interested person within two years to file bill of review to have order or judgment revised and corrected on showing of error in order or judgment in probate proceeding). In October 2019, Smith filed the original of the will and an

---

[4] Smith testified at the bench trial in the estate proceeding that Decedent had jewelry that Kuhr possessed that was "probably worth $100,000."

application to admit the will to probate as a muniment of title in the estate proceeding. *See id.* § 257.001 (authorizing court to admit will to probate as muniment of title if court is satisfied that will should be admitted to probate and that testator's estate does not owe unpaid debt other than debt secured by lien on real estate or finds for another reason that there is no necessity for administration of estate). And in January 2020, Smith filed an amended petition in the bill-of-review proceeding, seeking to revise and correct the probate court's January 2018 order and to reopen the estate proceeding to allow Smith to attempt to probate the will as a muniment of title.

Kuhr contested Smith's application to probate the will in the estate proceeding and his petition in the bill-of-review proceeding. In both proceedings, Smith filed traditional motions for summary judgment, Kuhr filed responses, and the parties filed summary judgment evidence. In July 2020, the probate court granted Smith's motions in both proceedings. In its summary judgment order in the bill-of-review proceeding, the probate court found that undistributed property remained in the estate, concluded there was substantial error in its January 2018 order "in that it states 'there is no real property remaining in the estate' and 'there is no property remaining in the Estate,'" granted Smith's petition for bill of review, and vacated its January 2018 order to the extent of its erroneous statements. In its summary judgment order in the estate proceeding, the probate court determined as a matter of law that the will was presented for probate on or before the fourth anniversary of Decedent's date of death. *See id.* § 256.003(a) (generally requiring will to be presented for probate before fourth anniversary of testator's death). The evidence established that Decedent died in July 2014, that the Bank filed an application to probate the will in May 2016, and that the Bank and the attorney ad litem filed copies of the will in May 2016.

A bench trial in the estate proceeding occurred in September 2020 on Smith's application to admit the will to probate as a muniment of title. The witnesses included Smith,[5] who testified that:

- the Bank filed an application to probate the will in May 2016;

- Smith did not consult with an attorney about probating the will or Decedent's estate before the administration of the estate closed in January 2018;

- Smith "believed" that the will had been probated during the estate proceeding[6];

- Decedent owned mineral interests and jewelry when she died;

- Smith negotiated leases on the mineral interests after she died and received two bonus payments in February and March 2018;

- in 2019, Smith became aware that the will had not been probated when he "got a phone call" from the company that "they realized that [the will] had never been probated" and they were withholding payments;

- Smith never intended to and did not ever abandon his efforts to probate the will and "everything was taken out of his hands when the independent [sic] administrator took over";

- the original was the same will as the copy that was filed with the court in May 2016; and

- Smith "obviously" did not understand the probate process.

Smith further testified that Decedent's estate did not owe unpaid debt other than debt secured by liens on real estate and that there was no necessity to further administer the estate. On cross examination, Smith admitted that he did not tell the administrator or the court about the mineral

---

[5] Smith also called two other witnesses who offered evidence to support the validity of the will.

[6] Smith testified, "I thought the will had been probated" and that he did not take steps to probate the will because he "thought it was being probated."

interests before the administration of the estate was closed in January 2018 but explained that "[t]here was nothing going on with those mineral rights." He also denied that he was aware that the estate closed without probating the will or that he was required to tender the original of the will to the court or the administrator. He testified that "[t]hey didn't ask for the original."

Kuhr's witnesses were the attorney who represented the Bank "to get [his] client's claim paid or foreclose on the house" and the dependent administrator. The attorney testified that Smith provided a copy of the will, not the original, and that because they did not have the original, the Bank proceeded with its request to have the dependent administrator appointed. At the time the Bank filed the copy of the will, the attorney testified that the Bank thought that it was the original. After the Bank determined that it did not have the original, the bank amended its application and did not attempt to probate the will, but it continued to reference the will in its application. The dependent administrator testified that he asked the court to close the estate without conducting an heirship or probate matter because there were insufficient assets to satisfy the mortgage company. Prior to the closing of the administration of the estate, he was unaware that Decedent owned jewelry and mineral interests when she died but believed that the closing "[left] open the opportunity for somebody else to come in and administer the estate if they find assets."

The exhibits included the original of the will, a deposition by written questions of a "landman" with attached notes from alleged conversations with Smith in 2017, the May 2016 objection of the attorney ad litem in the estate proceeding, and an August 2016 letter from the paralegal of the dependent administrator that was addressed to family members, including Smith and Kuhr. The paralegal notified the family of the administrator's appointment and asked for information about a will and any assets owned by Decedent. The landman's hand-written notes

7

state next to "7/11/2017" that "account of final settlement but <u>no</u> probate closure as to minerals" and next to "7/13" that "called and alerted Mr. Smith of confusion."  On "contact" reports, the landman handwrote next to the dates:

(i)  "8/1," that an attorney reviewed the foreclosure and estate proceedings and opined that the will "had not technically and properly been probated" and that the landman "called and explained to Mr. Smith that once the current case/cause closed (next couple of weeks) he needed to have [the will] properly probated";

(ii)  "9/7," "Judge denied the bank's probate";

(iii)  "12/26," "w/i next few weeks probate is supposed to be finalized (he will show up in court for proceedings)"; and

(iv)  "1/24/2018," "Mr. Smith called to notify [him] that the probate for [Decedent] has been finalized in Travis County."

Smith admitted that the landman talked to him around August 1, 2017, and testified inconsistently about what the landman told him, but he consistently testified that he believed that the will had been probated when the administration of the estate closed.[7]

---

[7] During cross examination, Smith testified:

Q.  So what you're saying is that on August 1st of 2017 that [the landman] did not call you and inform you that an attorney . . . had reviewed all the pleadings in this cause as to [Decedent's] estate and that he was of the opinion that [the will] had not been properly probated?

A.  No, I did get that telephone call and, yes, that is correct.

Q.  Okay.  And in addition to that he went on to tell you that if the administrator's request to close the case and discharge him happened pursuant to the request in the motion the administrator filed, that you would have to go back yourself and probate [the will]?  He told you that too, didn't he?

A.  I don't recall.  Don't recall.

Q.  Well, specifically I asked you in your—in your deposition, "Did he go on to explain that if the Court just granted the relief in Exhibit 4 [motion to close estate] that the case

The probate court took the matter under advisement, and in December 2020, the probate court signed the order admitting the will to probate as a muniment of title only. *See id.* § 257.001; *see also id.* § 257.102 (describing authority of certain persons who are acting in accordance with order admitting will to probate as muniment of title). The probate court also entered findings of fact and conclusions of law.[8] These appeals followed.

In cause number 03-21-00114-CV, Kuhr appeals from the probate court's order that partially suspended enforcement of the probate court's order admitting the will to probate and setting appellate security (partial suspension order). Cause number 03-20-00416-CV is from the probate court's order granting Smith's motion for summary judgment on presenting the will for probate in the estate proceeding, cause number 03-20-00425-CV is from the probate court's order granting Smith's summary judgment in the bill-of-review proceeding, and cause number

---

would close with no determination or—of the probate of the will?" And you answered that day, "Yes." "And that you would need to do that?" And you said, "Yes, yes." Is that still your truthful testimony?

A.     Yes. I would say it is, yes.

Q.     Okay. So you—you were aware before the Court entered the order closing the estate and dismissing the administrator that he was not asking to probate the will, and if that happened the—the estate was going to close with no probate?

A.     No, I was not aware. Absolutely not.

Q.     Well, you just admitted it a minute ago —

A.     Well, I'm sorry, but I was not aware. Not aware. I thought—I thought that it had been probated, period.

Smith admitted that the company told him that the will had not been probated, but he testified that notification occurred after the estate was closed.

[8]    Kuhr also requested additional findings of fact and conclusions of law, but no additional findings or conclusions were filed.

9

03-20-00583-CV is from the bench trial and resulting order admitting Decedent's will to probate as a muniment of title only in the estate proceeding.

## ANALYSIS

**03-21-00114-CV**

We begin with cause number 03-21-00114-CV because we lack jurisdiction over this appeal. On March 15, 2021, the clerk of this Court advised Kuhr that it appeared that this Court did not have jurisdiction over her appeal and requested a response. Smith also filed a motion to dismiss the appeal because the partial suspension order was not final or appealable and, thus, this Court lacked jurisdiction. Kuhr filed a response, but she has not demonstrated this Court's jurisdiction over this appeal.[9]

The partial suspension order does not dispose of parties or claims and, by its express terms, is only effective during the pendency of Kuhr's appeals. Rule 24.4 provides a procedural mechanism for appealing this type of order by filing a motion with the appellate court in a pending appeal, but it does not provide an independent basis for appellate jurisdiction. *See* Tex. R. App. P. 24.4 (authorizing review by motion filed in court of appeals with jurisdiction or potential jurisdiction over appeal from judgment in case); *Standiford v. CitiMortgage, Inc.*, No. 03-15-00542-CV, 2015 Tex. App. LEXIS 9152, at *1 (Tex. App.—Austin Aug. 28, 2015, no

---

[9] In her notice of appeal, Kuhr also appeals "all other orders and rulings of the probate court" in the estate proceeding. She, however, does not identify the "other orders and rulings," and her appeal in cause number 03-20-00583-CV is from the probate court's order admitting the will to probate. *See* Tex. Est. Code § 32.001(c) ("A final order issued by a probate court is appealable to the court of appeals."); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal may only be taken from final judgment that disposes of all pending parties and claims in record and that only certain proceedings, like some probate and receivership proceedings, allow for multiple judgments on certain discrete issues); *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) (adopting test for determining when phase of probate proceeding is final and appealable).

pet.) (mem. op.) (dismissing for want of jurisdiction direct appeal from order setting supersedeas bond); *Transcontinental Realty Inv'rs, Inc. v. Orix Capital Mkts. LLC*, 470 S.W.3d 844, 848 (Tex. App.—Dallas 2015, no pet.) (observing that Rule 24.4 does not provide independent basis for appellate jurisdiction); *In re Bittinger*, No. 14-10-00697-CV, 2010 Tex. App. LEXIS 6858, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2010, orig. proceeding) (per curiam) (mem. op.) (explaining that relator's remedy was to file Rule 24.4 motion in pending appeal).  Thus, we grant Smith's motion and dismiss this Court's cause number 03-21-00114-CV for lack of jurisdiction.

**Consolidated Appeals**

In the three consolidated appeals, Kuhr raises four issues.  She contends that the probate court erred when it:  (i) concluded that the will had been presented for probate within four years of Decedent's death; (ii) admitted the will for probate when it did not require Smith to prove that he was not in default in failing to probate the will as required by section 256.003(a) of the Texas Estates Code; (iii) found that Smith was not in default in failing to probate the will; and (iv) admitted Decedent's will to probate as a muniment of title.  Kuhr argues that because the will was not timely presented for probate, Smith had to prove that he was not in default in failing to probate the will and that he failed to do so.

Kuhr also expressly challenges the probate court's findings of fact 5, 6, 7, 11, 12, 13, 19, 21, 22 and conclusions of law 24, 27, 28, 29, 33, 34, 35, 40, and 42, many of which overlap:

11

Findings of Fact

* * *

5.      Applicant's petition for bill of review, including amendments thereto, and Applicant's application to probate Decedent's Will, including amendments thereto, constitute a continuation of the original proceedings filed by the Bank of New York Mellon and the dependent administrator of Decedent's Estate in this Cause No.

6.      On July 13, 2020, this Court granted Applicant's (1) Traditional Motion for Summary Judgment on Bill of Review in Cause No. C-1-PB-19-001840, which vacated portions of the Court's January 19, 2018, Order Approving Account for Final Settlement, Closing Estate, and Discharging Dependent Administrator in this Cause No. and (2) Traditional Motion for Summary Judgment on Presenting Will for Probate in this Cause No., which determined that Decedent's Will was "presented for probate" on or before the fourth anniversary of Decedent's date of death.

7.      As a result of the summary judgment orders, the Court determined that Applicant was not required to prove that he was not in default in failing to present the Will for probate on or before the fourth anniversary of Decedent's date of death.  McKenna Lynn Kuhr ("Respondent"), however, alleged that Applicant was still required to prove that he was not in default in failing to present the Will for probate on or before the fourth anniversary of Decedent's date of death.

* * *

11.     Decedent died on July 20, 2014, and four years did not elapse between the date of Decedent's death and the filing of the May 20, 2016, application to probate Decedent's Will.  Applicant's applications to probate Decedent's Will, including his Third Amended Application for Probate of Will as Muniment of Title, constitute a continuation of the original proceedings filed by the Bank of New York Mellon and the dependent administrator of Decedent's Estate in this Cause No.

12.     Decedent's Will is dated October 27, 2005, and it was executed with the formalities and solemnities and under the circumstances required by law to make it a valid will.  The Will is the same will that the Bank of New York Mellon filed for probate in this proceeding on May 20, 2016, and the Will was presented for probate by the Bank of New York Mellon within four years of Decedent's date of death.

13.     While the Court previously determined that Applicant was not required to prove that he was not in default in failing to present the Will for probate on or before the fourth anniversary of Decedent's date of death, the Court nevertheless

12

found that Applicant was not in default for failing to present the Will for probate on or before the fourth anniversary of Decedent's date of death.

* * *

19.     All the necessary proof required for the probate of the Will has been made, and the Will is entitled to probate as a muniment of title.

20.     There is real property, including mineral interests in Shelby County, Texas, and San Augustine County, Texas, and personal property, including jewelry, remaining in Decedent's Estate.

21.     Applicant is a beneficiary of the Will, and the Will designates Applicant as executor of Decedent's Estate.  Applicant defended the Will, presented the Will, and prosecuted this proceeding in good faith and with just cause.

22.     This Court admitted Decedent's Will to probate as a muniment of title on December 4, 2020, and waived the requirement for filing an affidavit under Texas Estates Code Section 257.103.

* * *

Conclusions of Law

24.     On May 20, 2016, the Bank of New York Mellon filed an application to probate Decedent's Will, and four years did not elapse between the date of Decedent's death and the filing of that application to probate Decedent's Will.

* * *

27.     Applicant's petition for bill of review, including amendments thereto, and Applicant's application to probate Decedent's Will, including amendments thereto, constitute a continuation of the original proceedings filed by the Bank of New York Mellon and the dependent administrator of Decedent's Estate in this Cause No.

28.     On July 13, 2020, this Court granted Applicant's (1) Traditional Motion for Summary Judgment on Bill of Review in Cause No. C-1-PB-19-001840, which vacated portions of the Court's January 19, 2018, Order Approving Account for Final Settlement, Closing Estate, and Discharging Dependent Administrator in this Cause No. and (2) Traditional Motion for Summary Judgment on Presenting Will for Probate in this Cause No., which determined that Decedent's Will was "presented for probate" on or before the fourth anniversary of Decedent's date of death.

29.     As a result of the summary-judgment orders, the Court determined that Applicant was not required to prove that he was not in default in failing to present

13

the Will for probate on or before the fourth anniversary of Decedent's date of death. [Kuhr], however, alleged that Applicant was still required to prove he was not in default in failing to present the Will for probate on or before the fourth anniversary of Decedent's date of death.

\* \* \*

33.     Decedent died on July 20, 2014, and four years did not elapse between the date of Decedent's death and the filing of the May 20, 2016, application to probate Decedent's Will. Applicant's applications to probate Decedent's Will, including his Third Amended Application for Probate of Will as Muniment of Title, constitute a continuation of the original proceedings filed by the Bank of New York Mellon and the dependent administrator of Decedent's Estate in this Cause No.

34.     Decedent's Will is dated October 27, 2005, and it was executed with the formalities and solemnities and under the circumstances required by law to make it a valid will. The Will is the same will that the Bank of New York Mellon filed for probate in this proceeding on May 20, 2016, and the Will was presented for probate by the Bank of New York Mellon within four years of Decedent's date of death.

35.     While the Court previously determined that Applicant was not required to prove that he was not in default in failing to present the Will for probate on or before the fourth anniversary of Decedent's date of death, the Court nevertheless found that Applicant was not in default for failing to present the Will for probate on or before the fourth anniversary of Decedent's date of death.

\* \* \*

40.     All the necessary proof required for the probate of the Will has been made, and the Will is entitled to probate as a muniment of title.

\* \* \*

42.     The Court admitted Decedent's Will to probate as a muniment of title on December 4, 2020, and waived the requirement for filing an affidavit under Texas Estates Code Section 257.103. [10]

---

[10] We address Kuhr's challenges to the findings of fact that are necessary to resolve her issues. *See* Tex. R. App. P. 47.1, .4.

14

*Standard of Review*

Although Kuhr challenges the probate court's summary judgment rulings on appeal, the probate court's findings of fact and conclusions of law contain the same rulings.[11]  In an appeal from a bench trial, we review a trial court's conclusions of law de novo, affirming the judgment on any legal theory that finds support in the evidence.  *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).  A trial court's conclusions of law may not be challenged for factual insufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness.  *City of Austin v. Whittington*, 384 S.W.3d 766, 779 n.10 (Tex. 2012); *BMC Software*, 83 S.W.3d at 794.  We may reverse a trial court's judgment only if its conclusions are erroneous as a matter of law.  *Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 749 (Tex. App.—Dallas 2012, no pet.); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.—Austin 1992, no writ).

We review a trial court's findings of fact for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict.  *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (describing legal sufficiency standard of review); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (describing factual sufficiency standard of review); *see also Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017) (explaining when no-evidence challenge should be sustained, including when evidence offered to

---

[11]  In her appellant's brief, Kuhr represents that at trial she "put on virtually the same evidence from her summary-judgment response in support of her positions that [Decedent's] Will was not timely presented and of [Smith's] default in failing to timely probate [Decedent's] Will."  She also states that her remedy if the probate court erred in granting summary judgment on presentment and default would be a trial, which she already received.

15

prove vital fact is no more than scintilla); *Rocor Int'l, Inc. v. National Union Fire Ins.*, 77 S.W.3d 253, 262 (Tex. 2002) (explaining that scintilla of evidence exists when "evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence"). We review the evidence in the light most favorable to the findings, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller*, 168 S.W.3d at 807.

In a bench trial, the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *Seasha Pools, Inc. v. Hardister*, 391 S.W.3d 635, 639 (Tex. App.—Austin 2012, no pet.). The trial court may believe one witness, disbelieve others, and resolve inconsistencies in any witness's testimony. *Kuhlmann*, 722 S.W.2d at 697; *Hardister*, 391 S.W.3d at 639. We may not substitute our judgment for that of the trier of fact merely because we reach a different conclusion. *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex. 1988); *Westech Eng'g, Inc.*, 835 S.W.2d at 196.

### Presentation of Will for Probate

Generally, "a will may not be admitted to probate after the fourth anniversary of the testator's death unless it is shown by proof that the applicant for the probate of the will was not in default in failing to present the will for probate on or before the fourth anniversary of the testator's death." Tex. Est. Code § 256.003(a). When the applicant is not in default in failing to timely present a will, the will may be probated as a muniment of title after expiration of the four-year period. *Ramirez v. Galvan*, No. 03-17-00101-CV, 2018 Tex. App. LEXIS 222, at *3 (Tex. App.—Austin Jan. 10, 2018, no pet.) (mem. op.); *see also* Tex. Est. Code § 257.001. "As

16

used in section 256.003(a), 'default' means failure to probate a will because of the absence of reasonable diligence by the party offering the instrument." *Ramirez*, 2018 Tex. App. LEXIS 222, at \*3–4 (citing *In re Estate of Allen*, 407 S.W.3d 335, 339 (Tex. App.—Eastland 2013, no pet.)). The burden is on the applicant to demonstrate that he is not in default in failing to present a will for probate. *Id.* at \*4 (citing *In re Estate of Campbell*, 343 S.W.3d 899, 902 (Tex. App.—Amarillo 2011, no pet.)).

Whether the applicant is in default is generally a question of fact. *Id.* "Mere ignorance of the law does not excuse the failure to file probate proceedings within the four-year period," but "Texas case law is quite liberal in permitting a will to be offered as a muniment of title after the four-year limitation period has expired." *Id.* (citing *In re Estate of Allen*, 407 S.W.3d at 339). "Indeed, the proponent's belief that probate was unnecessary has been found a sufficient excuse." *See id.* at \*4–7 (citing cases in which courts have found that proponent's belief was sufficient excuse and observing that husband, who had possession and control of his wife's will for six years after her death, "did not offer the will for probate, not through any lack of diligence, but because he did not realize any further act was necessary").

### *Did the probate court err in concluding that the will was timely presented for probate and admitting the will to probate without requiring Smith to prove that he was not in default?*

In her first and second issues, Kuhr argues that probate court erred when it concluded that the will was presented for probate within four years of Decedent's death and when it admitted the will to probate without requiring Smith to prove that he was not in default as required under section 256.003(a) of the Texas Estates Code. The evidence established that Smith had possession of the original of the will but did not file it with an application to probate the will until 2019, which was more than four years after Decedent's death; that within the four-

17

year period, the attorney ad litem and the Bank filed copies of the will; and that the Bank filed an application to probate the will with a copy of the will within the four-year period but later amended its application to remove its request to probate the will.

Kuhr argues that no application to probate the will was pending when the estate closed because the Bank's amended application removed the request that the will be probated and superseded its prior application to probate the will, *see* Tex. R. Civ. P. 65 (explaining that substituted instrument generally takes place of original); *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) ("Amended pleadings supersede prior pleadings, and any claim not carried forward in an amended pleading is deemed dismissed."); that Smith cannot rely on the Bank's "abandoned" application to probate the will that was "superseded" by the amended application and "no longer a part of the record"; and that in any case, the "Bank never properly pleaded to probate a copy of [Decedent's] Will," as opposed to the original.

As support for her arguments that Smith cannot rely on or continue the Bank's "dismissed" application to probate the will and that he must prove that he was not in default, Kuhr cites *Ferreira v. Butler*, 575 S.W.3d 331 (Tex. 2019). That case, however, does not address whether an applicant may rely on another timely-filed application to establish that a will was presented for probate within the four-year period. In that case, no applicant had presented the will within the four-year period. *Id.* at 333; *see also Ross' Estate v. Abrams*, 239 S.W. 705, 705–10 (Tex. Civ. App.—San Antonio 1922) (explaining that "probate" is "act or process of proving a will" and that "present for probate" is synonymous with "file for probate" and concluding that will was presented within four years when application was filed within four years even though new application to probate was filed forty-five years later), *aff'd sub nom. Abrams v. Ross' Estate*, 250 S.W. 1019 (Tex. Comm'n App. 1923). The applicant qualified in

18

her individual capacity as an interested person but filed an application to probate the will in her capacity as executor of a separate estate nine years after the decedent's death. *See Ferreira*, 575 S.W.3d at 334–35 (explaining that interested person may apply to probate will in individual capacity); *see also* Tex. Est. Code § 22.018(1) (defining "interested person"). In that situation, the Texas Supreme Court held that under section 256.003(a) of the Texas Estates Code, "when an applicant seeks late-probate of a will in her individual capacity, only the applicant's conduct is relevant to determining whether she 'was not in default.'" *Ferreira*, 575 S.W.3d at 338. In other words, the court concluded that default by another applicant was not imputed to the applicant and that on remand, she would have the opportunity to amend her pleadings to pursue probate of the will in her individual capacity. *Id.*

Kuhr does not challenge the portion of the probate court's bill-of-review order that vacated the January 2018 order in the estate proceeding "to the extent that it states 'there is no real property remaining in the estate' and 'there is no property remaining in the Estate,'" and she does not dispute that Smith's petition for bill of review was timely filed and that there were estate assets that remained undistributed when the administration of the estate was closed.[12] *See* Tex. Est. Code § 55.251 (authorizing interested person by bill of review to have order rendered by court revised or corrected on showing of error in order); *Buck v. Estate of Buck*, 291 S.W.3d 46,

---

[12] For example, in her appellant's brief, Kuhr states that "[Decedent's] Estate closed without determining title to or distributing her separate-property mineral interests." Kuhr also has not challenged the probate court's conclusion of law 41, that concluded: "There is real property, including mineral interests in Shelby County, Texas, and San Augustine County, Texas, and personal property, including jewelry, remaining in Decedent's estate."

Her argument as to the bill-of-review proceeding is that error in that proceeding "is overshadowed by the presentment issues presented here." She also contends that her complaints about error in the bill of review decision "would take the parties back to the beginning of the proceedings for a new hearing on that issue," which "is not a useful remedy under these circumstances."

19

52 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.) (listing elements of statutory bill of review and explaining that purpose is to review and correct errors, "not merely to set aside decisions, orders or judgments rendered by the probate court" (citation omitted)); *see also* Tex. Est. Code § 362.001 (stating when administration of estate should be closed). In this procedural posture, it is not dispositive that the original of the will was not filed within the four-year period or that the Bank amended its application to remove its request to admit the will to probate.

The Bank continued to reference the will in its amended application, the attorney ad litem filed a copy of the will within the four-year period and notified the probate court of the need to address the will,[13] and the probate court ordered the parties to schedule a hearing to determine heirship or to probate the will, but no hearing had occurred when the administration of the estate was closed in January 2018. Under these circumstances, although the administration of the estate was not reopened, the bill-of-review order's effect was to continue the estate proceeding, giving Smith the opportunity to file the original of the will and his application to probate the will as a muniment of title in that proceeding. *See* Tex. Est. Code § 257.001 (allowing will to be probated as muniment of title when court finds that there is no necessity for administration of estate); *Woods v. Kenner*, 501 S.W.3d 185, 191, 194–95 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (affirming order granting statutory bill of review, explaining requirements for probating will as muniment of title, and allowing copy of will to be probated as muniment of title even though estate already had been closed); *see also McDonald v. Carroll*, 783 S.W.2d 286, 286–88 (Tex. App.—Dallas 1989, writ denied) (reversing denial of statutory

---

[13] In her reply brief, Kuhr argues that after the Bank filed its amended application, that there was no longer a copy of the will that was part of the record, but the attorney ad litem also filed a copy of the will with her objections.

bill of review, ordering probate court to vacate order that approved final accounting, and remanding to probate court for further proceedings).

For these reasons, we conclude that the probate court did not err in concluding that the will was presented for probate within the four-year period or in admitting the will to probate without requiring Smith to prove that he was not in default. *See Eubanks v. Jackson*, 280 S.W. 243, 244-45 (Tex. Civ. App.—Waco 1925, writ ref'd) (stating that default question "does not arise" when probate of will was continuation of original proceeding filed within limitations period); *Abrams*, 239 S.W. at 705–10; *see also Townsend v. Phillips*, 545 S.W.2d 898, 900 (Tex. Civ. App.—Texarkana 1977, no writ) (concluding that will was "presented for probate" within four years even though executor did not file application within four years because application for administration that was filed by another party "sought probate of the will if it could be produced" and matter remained pending). Thus, we overrule Kuhr's first and second issues.

### *Did the probate court err in finding that Smith was not in default?*

Assuming that the probate court erred in concluding that the will was timely presented, Kuhr argues in her third issue that Smith failed to prove that he was not in default in failing to present the will for probate within the four-year period. She argues that it was his own fault and that his only evidence was his "alleged mistaken belief" that the will had been probated and his "unfamiliarity with the probate process," which are "no excuse." As support, Kuhr argues that the evidence established that: (i) Smith did not consult with an attorney during the four-year period; (ii) he had custody of the original but did not tender it to the Bank or file it with the probate court during the four-year period, *see* Tex. Est. Code § 252.201 (requiring person

21

with custody of testator's will to deliver will to clerk of applicable court); (iii) he did not tell the dependent administrator about the mineral interests but negotiated leases on them[14]; (iv) he did not act on the landman's advice in 2017; (v) he was aware of the "probate filings" in the estate proceeding; and (vi) he "[m]isrepresented to the probate court, 'twice,' his reasons for not timely filing his wife's will for probate." Kuhr characterizes Smith's testimony that he was "confused" and "mistakenly believed" that the will had been probated as a "false narrative," and argues that Smith "cannot rely on his own misrepresentations to excuse his delay in probating [the Decedent's] Will."

It, however, was within the province of the probate court to determine Smith's credibility and to resolve the conflicts in the evidence. *See Kuhlmann*, 722 S.W.2d at 697; *Hardister*, 391 S.W.3d at 639; *see also In re Estate of Ozee*, No. 06-12-00070-CV, 2012 Tex. App. LEXIS 9690, at *7 (Tex. App.—Texarkana Nov. 26, 2012, no pet.) (mem. op.) (stating that "[t]he trial court, as fact-finder, was the sole determiner of the credibility of the witnesses, and we are not to invade the fact-finder's domain" and upholding trial court's resolution of conflicting evidence about applicant's belief that probate of will was not necessary). Kuhr argues that Smith "should have objectively known" that others had not probated the will, but the probate court, as the factfinder, reasonably could have found credible Smith's testimony that he thought that the will was being and had been probated, even though it was Smith's subjective

---

[14] Kuhr argues that Smith "concealed" the mineral interests from the dependent administrator, but the evidence showed that the mineral interests were a matter of public record. Copies of the leases show that they were filed in the applicable county's public records. Smith also testified that he and Decedent filed bankruptcy in 2011 and that the bankruptcy trustee held the mineral interests but ultimately returned them, and the evidence showed that the dependent administrator was aware of the bankruptcy. The dependent administrator also notified Kuhr of the estate proceeding, asking her for information about the Decedent's assets, but did not receive any response from her.

22

belief that turned out to be incorrect. *See In re Estate of Ozee*, 2012 Tex. App. LEXIS 9690, at *7.

Kuhr relies heavily on the landman's handwritten notes recounting alleged conversations with Smith in 2017 and urges that the notes establish that the landman told Smith within the four-year period that the will had not been probated and would not be probated by the dependent administrator, contending that the "landman's business records establish that [Smith] knew his wife's will was not going to be probated before the estate was closed." Kuhr also argues that Smith "has advanced no argument as to why these records would not be reliable," that "there in fact is no reason that they would not be," and that the landman had "no motivation" "to create false records of his conversations with [Smith]." The landman, however, was not called as a witness, and his notes and Smith's testimony were equivocal. The landman's notes recount that he alerted Smith in July 2017 to "confusion" and in August 2017 that Smith would need to have the will "properly probated" after the "current case/cause closed," but he also noted Smith's call to him in January 2018, approximately four months later, notifying him that the "probate for [Decedent] had been finalized."

As to Smith's testimony, he admitted in his deposition that he had communicated with the landman in 2017, but he also testified that he thought the will had been probated during the estate proceeding and, consistent with this belief and his status as the sole beneficiary under the terms of the will, the company made two royalty payments to Smith shortly after the administration of the estate closed.[15] Smith's testimony about when he learned that the will had

---

[15] In her reply brief, Kuhr argues that Smith "duped the landman into paying the bonus money" and that "it was implausible that the landman would have thought that the proceedings that were going to be finalized was the closing of the estate without the probate of the will" but also argues that—presumably because the landman was experienced and knowledgeable—Smith

not been probated—when the company told him in 2019—is also consistent with the timing of filing his application to probate the will and petition for bill of review. *See Chovanec v. Chovanec*, 881 S.W.2d 135, 137–38 (Tex. App.—Houston [1st Dist.] 1994, no writ) (citing evidence that applicant was not aware that probate was necessary and was unaware of title problems during period when mineral leases were executed on land and that when applicant realized there were title problems, applicant immediately offered will for probate, and explaining that "[t]hese excuses are generally accepted when the will is used to establish a link in the chain of title").

Kuhr asserts that "[n]o Texas case on default is precisely analogous to this one" and that "*Brown v. Byrd* may be the most analogous fact pattern to the case at bar." *See* 512 S.W.2d 753, 757 (Tex. App.—Tyler 1974, no writ). In that case, however, no applicant had offered the will for probate within the four-year period, and the applicant was aware that the will had not been offered for probate within the four-year period, but she waited "approximately twenty-seven years prior to her filing application." *Id.* In contrast, evidence supported that Smith believed that the will had been probated during the four-year period and that he timely filed a bill of review after learning that the will had not been probated.

The probate court, as the factfinder, reasonably could have credited the evidence that Smith believed that the will had been probated in the estate proceeding and that it was unnecessary for him to take any action before he filed his application in 2019. *See In re Estate of*

---

should have followed the landman's advice and immediately filed his own application to probate the will after speaking with the landman. If the probate court believed that the landman was experienced and knowledgeable, the probate court reasonably could have found that Smith did not "dupe" him or the company into making payments. Again, the landman was not called as a witness to testify, and it was up to the probate court, as the factfinder, to determine the credibility and weight to be given the conflicting or inconsistent evidence.

24

*Allen*, 407 S.W.3d at 340–41 (explaining that "[a] belief that probate has been accomplished is certainly as reasonable an excuse for inaction as a belief that probate is unnecessary" and that although it may have been "naïve" to believe that will had been probated, "lack of knowledge regarding the probate process does not amount to an absence of reasonable diligence as a matter of law" (quoting *Norrell v. Norell*, No. 05-96-00441-CV, 1997 Tex. App. LEXIS 5540, at *5 (Tex. App.—Dallas Oct. 23, 1997, no pet.) (not designated for publication))); *In re Estate of Perez*, 324 S.W.3d 257, 263 (Tex. App.—El Paso 2010, no pet.) (explaining that "trial court, as fact finder, was free to find credibility in [wife's] version of the evidence, and conclude that she was not in default for failing to probate [her husband's] will within the statutory time limit"); *see also In re Estate of Jackson*, No. 14-16-00519-CV, 2017 Tex. App. LEXIS 8001, at *7–8 (Tex. App.—Houston [14th Dist.] Aug. 22, 2017, no pet.) (mem. op.) (concluding that evidence was sufficient to support trial court's finding that applicant was not in default where applicant believed that he did not need to probate will "because he believed that having the will and the deed to the Calumet property meant that the property was his" and observing that "trial court, as the fact finder, was the judge of [applicant's] credibility" and "entitled to credit [his] testimony")); *cf. In re Estate of Rothrock*, 312 S.W.3d 271, 274–75 (Tex. App.—Tyler 2010, no pet.) (affirming trial court's finding that applicant was in default for failing to probate will within four years where applicant was "successful attorney" who "should have known that unexpected events often happen in life" and relying on family agreement not to probate will that was in applicant's custody). Thus, we conclude that the evidence was sufficient to support the probate court's finding that Smith was not in default in failing to present the will within four years of Decedent's death. We overrule Kuhr's third issue.

***Did the probate court err when it admitted the will to probate as a muniment of title?***

In her fourth issue, Kuhr argues that the probate court erred when it admitted the will to probate as a muniment of title.

The muniment of title statute provides that "[a] court may admit a will to probate as a muniment of title if the court is satisfied that the will should be admitted to probate and the court (1) is satisfied that the testator's estate does not owe any unpaid debt, other than any debt secured by a lien on real estate; or (2) finds for another reason that there is no necessity for administration of the estate." *See* Tex. Est. Code § 257.001. "Probating a will as a muniment of title provides a means to probate a will quickly and cost-efficiently when there is no need for administration of the estate." *In re Estate of Jackson*, 2017 Tex. App. LEXIS 8001, at *9 (quoting *In re Estate of Kurtz*, 54 S.W.3d 353, 355 (Tex. App.—Waco 2001, no pet.)). "In challenging a trial court's decision to admit a will to probate solely as a muniment of title, the appellant bears the burden of showing 'a clear abuse of discretion' by the trial court." *Id.* at *8–9. "A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles." *Id.* at *9.

Because we have concluded that the probate court did not err in its conclusions and findings that the will was presented for probate during the four-year period and that Smith was not in default, it follows that the probate court did not err when it concluded that the will should be probated as a muniment of title only. The probate court's unchallenged findings of fact included:

14. On October 27, 2005, when she executed the Will, Decedent had attained the age of 18 years of age and was of sound mind.

15. Decedent never revoked the Will.

16.     No child was born to or adopted by Decedent after Decedent executed the Will.  No marriage of Decedent was dissolved after the Will was made.  None of the following is named as a devisee in the Will: the state, a governmental agency of the state, or a charitable organization.

17.     There are no unpaid debts owing by Decedent's Estate other than those secured by liens on real estate.  Decedent did not apply for and receive Medicaid benefits on or after March 1, 2005.

18.     There is no necessity for administration of Decedent's estate.

Based on these unchallenged findings, the probate court acted within its discretion to admit the will to probate as a muniment of title.  *See* Tex. Est. Code § 257.001; *Woods*, 501 S.W.3d at 191, 194–95 (affirming order granting bill of review and concluding that will could be probated as muniment of title); *see also Kuhlmann*, 722 S.W.2d at 696 (noting that unchallenged findings of fact "are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding"); *McAleer v. McAleer*, 394 S.W.3d 613, 620 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (concluding that unchallenged finding was binding on appellate court where "there [was] some evidence in the record supporting the finding").  We overrule appellant's fourth issue.

## CONCLUSION

For these reasons, we dismiss cause number 03-21-00114-CV for lack of jurisdiction, overrule Kuhr's issues in the consolidated appeals, and affirm the probate court's orders in the consolidated appeals.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Cause number 03-20-00416-CV:     Affirmed

Cause number 03-20-00425-CV:     Affirmed

Cause number 03-20-00583-CV:     Affirmed

Cause number 03-21-00114-CV:     Dismissed for Lack of Jurisdiction

Filed:   April 29, 2022